1  BENJAMIN B. WAGNER
   United States Attorney
2  KATHLEEN A. SERVATIUS
   Assistant U.S. Attorney
3  4401 Federal Building
   2500 Tulare Street
4  Fresno, California 93721
   Telephone: (559)497-4000

5

6

7

8              IN THE UNITED STATES DISTRICT COURT FOR THE

9                   EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,        )   1:10-CR-00419-LJO
                                    )
12            Plaintiff,            )   APPLICATION FOR ORDER
                                    )   REGARDING CRIMINAL FORFEITURE
13       v.                         )   OF PROPERTY IN GOVERNMENT
                                    )   CUSTODY - 18 U.S.C. §
14 ROBERTO MARTIN MENDOZA-BALLARDO, )   983(a)(3)(B)(ii)(II)
   ROSA PATRICIA MONSON            )
15 JOSE MANUEL CORONA AGUILAR,      )
   LUCIO REYEZ;                     )
16 CESAR ADOLFO QUINONEZ RODRIGUEZ, )
        aka PEDRO PIO SALAZAR       )
17 JUAN DIAZ OROZCO,                )
   JUAN PABLO LEYVA; AND            )
18 JESUS MANUEL LOPEZ,              )
        aka "CHILANGO,"             )
19                                  )
              Defendants.           )
20 _____)

21       The United States of America, through its counsel, hereby moves

22 for an order allowing the government to maintain custody of property

23 already in the government's possession pending the resolution of a

24 criminal forfeiture matter.  The grounds for the motion are as

25 follows:

26       On or about September 11, 2010, during the execution of a search

27 warrant agents seized the following:

28            a.  Approximately $18,000.00 in U.S. Currency.

1   Hereafter, the above-referenced asset is referred to as the "seized
2   asset".

3        In accordance with 18 U.S.C. § 983(a)(1), the Drug Enforcement
4   Administration ("DEA") sent notice to all potential claimants of its
5   intent to forfeit the seized asset in a non-judicial forfeiture
6   proceeding, and caused notice to be published in a newspaper of
7   general circulation.

8        On or about January 10, 2011, defendant Roberto Martin
9   Ballardo-Mendoza filed a claim contesting the administrative
10  forfeiture of the seized asset pursuant to 18 U.S.C. § 983(a)(2).

11       Pursuant to 18 U.S.C. § 983(a)(3), the United States has 90 days
12  in which to 1) return the property to the defendant, 2) commence a
13  civil judicial forfeiture action, or 3) commence a criminal
14  forfeiture action by including the seized asset in a criminal
15  indictment.  On October 14, 2010, the government elected the third
16  option when it filed an Indictment containing a general forfeiture
17  allegation.  On April 7,2011, the government filed a Bill of
18  Particulars specifically listing the seized asset.  That Indictment
19  and Bill of Particulars are now pending in this Court.

20       Title 18 U.S.C. § 983(a)(3)(B)(ii)(II) provides that when the
21  government elects the third option, it must "take the steps necessary
22  to preserve its right to maintain custody of the property as provided
23  in the applicable criminal forfeiture statute."  The applicable
24  forfeiture statute in this case is 21 U.S.C. § 853.  That statute
25  prescribes several methods for preserving property for the purpose of
26  criminal forfeiture.

27       Section 853(f) authorizes the issuance of a criminal seizure
28  warrant.  However, in cases like this one, where the property in

Application for Order Regarding Criminal
Forfeiture of Property

1   question is already in government custody, it is not appropriate for
2   a court to issue a seizure warrant directing the government to seize
3   property from itself.   In turn, Section 853(e) authorizes the court
4   to issue a restraining order or an injunction to preserve the
5   property for forfeiture.   However, that provision is not pertinent
6   because there is no need to enjoin the government from disposing of
7   property that the government has taken into its custody for the
8   purpose of forfeiture, and that the government intends to preserve
9   for that purpose through the conclusion of the pending criminal case.

10      Finally, Section 853(e)(1) also authorizes a court to "take any
11   other action to preserve the availability of property" subject to
12   forfeiture.   The government contends that this provision applies in
13   circumstances where, as here, the government has already obtained
14   lawful custody of the seized asset pursuant to a federal search
15   warrant, and the government seeks to comply with Section
16   983(a)(3)(B)(ii)(II).   Thus, all that is required to comply with
17   Section 983(a)(3)(B)(ii)(II) is an order from this Court stating that
18   the United States and its agencies, including DEA and/or the U.S.
19   Marshals Service, may continue to maintain custody of the seized
20   asset until the criminal case is concluded.

21      Accordingly, pursuant to Section 853(e)(1), the United States
22   respectfully moves this court to issue an order directing that the
23   United States may maintain custody of the seized asset through the
24   conclusion of the pending criminal case, and stating that such order
25   ///
26   ///
27   ///
28   ///

Application for Order Regarding Criminal
Forfeiture of Property

satisfies the requirements of 18 U.S.C. § 983(a)(3)(B)(ii)(II).

DATED: _6/27/11_                      BENJAMIN B. WAGNER
                                     United States Attorney


                                     /s/ Kathleen A. Servatius
                                     KATHLEEN A. SERVATIUS
                                     Assistant U.S. Attorney


                                 **ORDER**

     This matter comes before the Court on the motion of the United

States for an Order authorizing the government and its agencies to

maintain custody of certain property pending the conclusion of the

pending criminal case.  For the reasons provided in the government's

motion, the Court makes the following orders:

     IT IS HEREBY ORDERED, that the United States and its agencies,

including the DEA and/or the U.S. Marshals Service, are authorized to

maintain and preserve the following asset until the conclusion of the

instant criminal case, or pending further Order of this Court:

          a. Approximately $18,000.00 in U.S. Currency.

IT IS SO ORDERED.

     Dated: __**July 1, 2011**__         _____**/s/ Lawrence J. O'Neill**_____
                                     UNITED STATES DISTRICT JUDGE

                                     Application for Order Regarding Criminal
                                     Forfeiture of Property