UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERTO MENDOZA-BALLARDO,<br><br>Defendant. | No. 1:10-cr-00419-DAD<br><br>ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)<br><br>(Doc. No. 204) |

On March 17, 2016, defendant Roberto Mendoza-Ballardo filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his previously imposed sentence based upon Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G."). That amendment revised the Drug Quantity Table in U.S.S.G. § 2D1.1 and reduced by two levels the offense level applicable to many federal drug trafficking offenses. (Doc. No. 204.) The government has opposed defendant's motion on the basis that, since the drug quantity involved in his offense of conviction was more than 90,000 kilograms of marijuana, the advisory sentencing guidelines would provide for the same offense level and the same sentencing range as originally calculated in his case despite application of Amendment 782. (Doc. No. 205, at 4.) Thee court agrees and will therefore deny defendant's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c).

Section 3582(c)(2) authorizes district courts to modify a previously imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing

range that has subsequently been lowered by the Sentencing Commission." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). Effective November 1, 2014, the U.S. Sentencing Commission promulgated Amendment 782 to the U.S.S.G., which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants. However, "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B). A district court's authority to modify a sentence pursuant to an amendment to the advisory guidelines is constrained by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817, 826 (2010).

In defendant's case the presentence report ("PSR") found the amount of controlled substance attributable to him amounted to 100,074 kilograms of marijuana. (PSR at 32.) Applying the Drug Quantity Table in § 2D1.1(c)(1) of the 2011 Guidelines Manual then in effect, the PSR applied a base offense level of 38 to defendant "because the offense involves 30,000 kilograms or more of marijuana, specifically, 100,074 kilograms." (*Id*. at 13.) The PSR then applied a three-level reduction due to the defendant's acceptance of responsibility and a two-level addition for his aggravated role in the offense, resulting in a total adjusted offense level of 37. (*Id*. at 13–14.) Based upon this total offense level of 37 and a criminal history category of I, the PSR concluded that the advisory sentencing guidelines called for a sentence of 210 to 262 months imprisonment. (*Id*. at 23.) The PSR recommended that the defendant be sentenced to a term of imprisonment at the bottom of that advisory guideline range, i.e. 210 months. (*Id*. at 32.)

On July 9, 2012, the court sentenced defendant to a 210-month term of imprisonment for one count of conspiracy to distribute methamphetamine under 21 U.S.C. § 846, 841(a)(1) and (B)(1)(A). (Doc. No. 171, at 1–2.) On appeal, the parties file a joint motion to vacate and remand which was granted. (Doc. No. 190.) Upon remand from the Ninth Circuit, defendant was resentenced on June 13, 2013, to the same 210 month term of imprisonment. (Doc. No. 197, at 1–2.)

Defendant now moves to reduce his sentence. However, Amendment 782 has not reduced the guideline range applicable to defendant as the amount of controlled substance attributable to him amounted to 100,074 kilograms of marijuana. Under the amended Drug Quantity Table of U.S.S.G. § 2D1.1, the base offense level for an offense involving more than 90,000 kilograms of marijuana remains at a level 38. After applying the same three-level reduction for acceptance of responsibility and the same two-level addition for having played an aggravated role in the offense, defendant's total adjusted offense level remains 37. At the established criminal history category of I, defendant's advisory sentencing guideline range continues to call for a sentence of 210 to 262 months in prison, the same as it did prior to the adoption of Amendment 782.

Because the pertinent amendment does not result in a different advisory sentencing guideline range, the defendant is not entitled to a reduction in his sentence pursuant to 18 U.S.C. § 3582(c). *United States v. Leniear*, 574 F.3d 668, 673-74 (9th Cir. 2009) ("[A] reduction in the defendant's term of imprisonment . . . is not consistent with this policy statement if . . . an amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range [.]").

For all of the reasons set forth above:

1.) Defendant's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582 (Doc. No. 204) is denied; and

2.) The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **May 31, 2016**                              _____
                                                                              UNITED STATES DISTRICT JUDGE