UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERTO MARTIN MENDOZA-BALLARDO,<br><br>　　　　　Defendant. | No. 1:10-cr-00419-DAD<br><br>ORDER DENYING DEFENDANT'S MOTION FOR A MODIFICATION OF HIS SENTENCE AND FOR A TRANSCRIPT OF HIS CHANGE OF PLEA AND SENTENCING HEARINGS<br><br>(Doc. Nos. 212 & 213) |

On February 21, 2012, defendant Roberto Marin Mendoza-Ballardo entered a plea of guilty, without a plea agreement,[1] to Count One of the indictment charging him with conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S. §§ 846, 841(a)(1) and (b)(1)(A).  (Doc. Nos. 17, 137, 139, 146.)  That charge carried with it a minimum mandatory sentence of 10 years imprisonment up to a maximum of life imprisonment, a fine of up to four million dollars or both fine and imprisonment, a five year to life term of supervised release and a mandatory $100 penalty assessment.  (Doc. Nos. 137 at 4-5; 146 at 4-6.)  On July 9, 2012, the previously assigned district

---

[1] There was no plea agreement in this case.  However, at the time of defendant's change of plea the government did agree to dismiss the remaining charges against defendant and to limit his plea to engagement in a conspiracy to distribute methamphetamine without including the distribution of cocaine and heroin as objects of the conspiracy in his case.  (Doc. Nos. 137, 146 at 3–7.)

1

judge sentenced defendant to a term of imprisonment of 210 months to be followed by a sixty-month term of supervised release and a $100 penalty assessment. (Doc. Nos. 170, 171 and 181 at 6.) In imposing that sentence the sentencing judge adopted the presentence report's recommended finding that defendant was an organizer, leader, manager or supervisor of the criminal activity and therefore increased his offense level by two points under the advisory sentencing guidelines, and ultimately calculated defendant's offense level to be 37 and his criminal history category to be I, resulting in an advisory sentencing guideline range calling for a term of imprisonment of between 210 and 262 months. (Doc. No. 181 at 4–6.) The sentencing judge imposed a sentence at the low end of the advisory guideline range as determined.

Defendant Mendoza-Ballardo appealed from his judgment and sentence and on April 22, 2013, pursuant to the joint motion of the parties, defendant's sentence was vacated and the matter remanded for re-sentencing and the making of explicit findings required by Rule 32(i)(3)(B) of the Federal Rules of Criminal Procedure. (Doc. Nos. 189, 195.) On June 10, 2013, defendant was re-sentenced by the previously assigned district judge to the same term of 210 months in the custody of the U.S. Bureau of Prisons. (Doc. Nos 196, 197.) Almost three years later, on March 17, 2016, defendant Mendoza-Ballardo filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582, arguing that Amendment 782 to the U.S. Sentencing Guidelines which revised the drug quantity tables in U.S.S.G. § 2D1.1 entitled him to a two-level downward adjustment in his total offense level and a lower advisory guideline range. (Doc. No. 204.) The government opposed the motion on the ground that because the amount of methamphetamine involved in defendant's offense of conviction was in excess of 4.5 kilos, the amendment made no change in his offense level of 38 and his sentencing range remained unchanged even by application of the new drug quantity table. (Doc. No. 205.) On June 6, 2016, the case having been reassigned, the undersigned denied defendant's motion. (Doc. No. 208.)

Finally, and most recently, on April 7, 2022, defendant file a *pro se* motion under 18 U.S.C. § 3582, seeking a reduction in his sentence based upon Amendment 794 to the United States Sentencing Guidelines and the First Step Act. (Doc. No. 213.) In somewhat confusing fashion, defendant now moves for a sentence reduction because, he argues, his offense level

2

under the advisory sentencing guidelines was improperly increased based upon an erroneous finding pursuant to U.S.S.G. § 3B1.1(c) that he was an organizer, leader, manager or supervisor of the criminal activity involved in his offense of conviction and that he was instead entitled to a downward adjustment in his offense level because he played a "minor role" in the drug trafficking conspiracy, since he was only a "carrier." (Doc. No. 213 at 2–3.)

Defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) lacks merit and must be denied. First, "Amendment 794 is not one of the listed amendments under U.S.S.G. § 1B1.10(d) and, therefore, [does] not provide an independent basis for a sentence reduction under section 3582(c)(2)." *United States v. Lopez-Buelna*, 765 Fed. Appx. 167, 168 (9th Cir. 2019) (citing U.S.S.G. § 1B1.10 cmt. n.1(A)); *see also United States v. Maldonado,* 773 Fed. Appx. 456, 457 (9th Cir. 2019) ("The district court correctly determined that Maldonado is ineligible for a sentence reduction because Amendment 794 is not a covered amendment under U.S.S.G. § 1B1.10(d).").[2] Moreover, to the extent defendant Mendoza-Ballardo suggests that his sentence imposed in 2013 was the result of a clerical error that should be corrected under Rule 36 of the Federal Rules of Criminal Procedure (*see* Doc. No. 213 at 3), that suggestions must also be rejected. Rule 36 is a "narrow provision limited to correction of errors of no more than clerical significance," a correction made pursuant to the rule "can do no more than conform the sentence to the term which the record indicates was intended." *United States v. Kaye*, 739 F.2d 488, 490 (9th Cir. 1984). There is no longer a general provision authorizing district courts to reconsider the sentences they have imposed. Rather, district courts can modify prison sentences only in limited circumstances set out by federal statute. *See Dillon v. United States*, 560 U.S. 817, 824 (2010). No such statutory authority exists here for the court to reconsider years after the fact the sentencing judge's determination in 2013 as to the amount of methamphetamine for which defendant was responsible or of his role in the conspiracy to which he entered his plea of guilty. Accordingly, his motion for a reduction of his sentence imposed in 2013 will be denied.

---

[2] Amendment 794 has been found only to apply retroactively in direct appeals. *See United States v. Quintero-Leyva*, 823 F.3d 519, 521 (9th Cir. 2016). In addition, citation to these unpublished Ninth Circuit opinions is appropriate pursuant to Ninth Circuit Rule 36–3(b).

1    Finally, the court notes that on March 7, 2022 the court received from defendant Mendoza-Ballardo a letter requesting that the court send to him copies of the transcripts of both his sentencing and change of plea hearings.  (Doc. No. 212.)   However, defendant has not established that he has filed an appeal from or collateral challenge to his conviction which is not frivolous and that the requested copies are necessary for a decision to be rendered on any such appeal or collateral challenge.  *See* 28 U.S.C. § 753(f); *see also United States v. Connors*, 904 F.2d 535, 536 (9th Cir. 1990) ("Although Connors is indigent, he has not filed a habeas petition, and therefore is not entitled to copies of his trial transcript at government expense until he does so."); *United States v. Lucatero*, No. 2:05-cr-0443-WBS, 2007 WL 1747077, at *2 (E.D. Cal. June 18, 2007) ("The vast majority of courts have interpreted [28 U.S.C. § 753(f)] to mean that until a prisoner actually 'brings a proceeding under section 2255,' he is not entitled under § 753(f) to have costs for creating or copying such transcripts or other documents paid by the United States.") (emphasis added); 28 U.S.C. § 2250.  Moreover, a defendant is not generally entitled to free copies of court documents in a closed case.  *See United States v. Chandler*, 220 F. Supp. 2d 165, 170 (E.D.N.Y. 2002); *see also Marsh v. Vegianelli*, No. 1:09-cv-01243-GSA, 2012 WL 5505079, at *2 (E.D. Cal. Nov. 13, 2012) ("[T]he Clerk does not ordinarily provide free copies of case documents to parties.  The Clerk charges $0.50 per page for copies of documents.  *See* 28 U.S.C. § 1914(a).  Copies of up to twenty pages may be made by the Clerk's Office at this Court upon written request and prepayment of the copy fees.").  Accordingly, defendant's request for copies of transcripts of proceedings in this case (Doc. No. 212 ) will be denied without prejudice.

For the reasons explained above, defendant Mendoza-Ballardo's motion for a reduction in his sentence (Doc. No. 213) and his request for transcripts of proceedings (Doc. No. 212) are denied.

IT IS SO ORDERED.

Dated:   **June 21, 2022**

UNITED STATES DISTRICT JUDGE

4